1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

9
10
11

| | |
|---|---|
| DAVID M. JASSY, | )   NO.   CV 13-8611-JVS (AS) |
|        Petitioner, | )   **ORDER ACCEPTING FINDINGS,** |
|   v. | )   **CONCLUSIONS AND RECOMMENDATIONS** |
| KEVIN CHAPPELL, Warden, | )   **OF UNITED STATES MAGISTRATE JUDGE** |
|        Respondent. | ) |

12
13
14
15
16
17
18

    Pursuant to 28 U.S.C. section 636, the Court has reviewed the
Petition, all of the records herein and the attached Report and
Recommendation of United States Magistrate Judge.  After having
made a de novo determination of the portions of the Report and
Recommendation to which Objections were directed, the Court concurs
with and accepts the findings and conclusions of the Magistrate
Judge. However, the Court addresses certain arguments raised in the
Objections below.

19
20
21
22
23
24
25
26
27
28

1    Petitioner contends that the Report and Recommendation failed
2 to conduct an appropriate harmless error inquiry with regard to
3 Petitioner's instructional error claim, and misconstrued Ninth
4 Circuit precedent in relation to Petitioner's <u>Batson</u> claim.
5 (Objections at 1—11).  The Court does not agree.
6
7    Petitioner claims that, with regard to his instructional error
8 claim, the Report and Recommendation erred in its prejudice
9 analysis and "incorrectly viewed the harmless error inquiry as a
10 sufficiency of the evidence test." (Objections at 9.)  Petitioner
11 cites to a recent Ninth Circuit case in which the court reiterated
12 "that the relevant question is not simply whether we can be
13 reasonably certain that the jury *could* have convicted [the
14 defendant] based on the valid theory . . . but whether we can be
15 reasonably certain that the jury *did* convict him based on the valid
16 . . . theory." <u>Riley v. McDaniel</u>, No. 11-99004, 2015 WL 2262549,
17 at *4 (9th Cir. May 15, 2015).  Here, the jury found that
18 Petitioner was guilty of second degree murder based on an implied
19 malice theory.  As set forth in the Report and Recommendation, the
20 jury made this finding pursuant to the appropriate implied malice
21 test in <u>People v. Phillips</u>, 64 Cal. 2d 574, 587 (1966) (requiring
22 that the "natural consequences of the act were dangerous to life").
23 However, Petitioner maintains that the trial court's involuntary
24 manslaughter instruction erroneously stated that assault and
25 battery were "crime[s] that posed a high risk of death of great
26 bodily act [sic]," and that this error was not harmless because it
27
28                                    2

1   reduced the State's burden to prove the objective component of the

2   implied malice element of second degree murder.

3

4        Instructional error claims are evaluated for harmlessness under

5   the "Brecht" standard.  See Brecht v. Abrahamson, 507 U.S. 619, 623

6   (1993) (habeas relief available only where the trial-type error had

7   a "substantial and injurious effect or influence in determining the

8   jury's verdict").   The Report and Recommendation appropriately

9   applies the "Brecht" standard, finding that the purported error did

10  not have a "substantial and injurious effect or influence" in

11  determining the jury's verdict.   That is – even if the jury

12  instruction omitted the incorrect statement that assault and

13  battery were crimes posing a high risk of death – the jury still

14  would have found Petitioner guilty of second-degree murder.   This

15  is because there was overwhelming evidence in the record that

16  Petitioner's forceful head-kick constituted an act committed with

17  implied malice.

18

19       Petitioner also contends that the Report and Recommendation

20  ignores Supreme Court precedent and misconstrues Ninth Circuit

21  precedent in relation to his Batson claim.   (Objections 6–11.)

22  Petitioner notes that when the trial court invited the prosecutor

23  to respond to Petitioner's Batson claim, the prosecutor made a

24  statement indicating that the excusal of potential Hispanic jurors

25  was irrelevant because the Petitioner is Black.   Petitioner claims

26  that this was in direct contravention of Powers v. Ohio, 499 U.S.

27

28                                    3

400 (1991), which held that a criminal defendant may object to race-based exclusions of jurors effected through peremptory challenges whether or not the defendant and excluded jurors share the same race.  The Report and Recommendation found that because Petitioner did not meet his burden of establishing a *prima facie* case of discrimination in Step One of Batson, it was not necessary for the Court to consider the prosecutor's explanations which is an inquiry reserved for the second step of Batson.

However, even if the Court were to consider the prosecutor's response to the trial judge's request for an explanation (i.e., her statement that the excusal of potential Hispanic jurors is irrelevant because the Petitioner is Black) as a "relevant circumstance" for Step One of Batson, Petitioner still has not met his burden of establishing a prima facie case of discrimination. Johnson v. California, 545 U.S. 161 (2005) (the defendant still has the burden of "producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred."). The prosecutor's response was merely a misstatement of the law, see Powers v. Ohio, 499 U.S. 400 (1991) (a defendant can raise a Batson claim even if his race differs from that of the excluded juror), and, by itself, cannot give rise to an inference of discriminatory purpose.

Petitioner's reliance on several Ninth Circuit cases cited in the Report and Recommendation as support for his position that the

prosecutor's statements were sufficient to show a *prima facie* case under Batson is similarly misplaced.  First, circuit precedent is relevant only to the extent it clarifies what constitutes clearly established law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d).  Second, all of the cases cited by Petitioner involved other evidence, including statistical analyses of the jury pool, establishing a *prima facie* case.  See Fernandez v. Roe, 286 F.3d 1073, 1078—80 (finding inference of discrimination based on "bare record of statistical disparities of peremptory strikes" against prospective Hispanic jurors); Paulino v. Castro, 371 F.3d 1083, 1091 (9th Cir. 2014) (determining an inference of bias was raised where the prosecutor removed eighty-three percent of possible African-American jurors using five out of six possible peremptory challenges); Smithkline Beecham Corp. v. Abbott Laboratories, 740 F.3d 471, 477—78 (9th Cir. 2014) (finding a *prima facie* case where the juror in question was the only self-identified gay member of the venire and the subject matter of the litigation presented an issue of consequence to the gay community).  Unlike the cases cited by Petitioner, the trial court record here does not disclose the exact composition of the venire as a whole or of the individual prospective jurors, or contain any information that would permit Petitioner to demonstrate a statistical disparity or evidence raising an inference of discriminatory intent.  The Report and Recommendation properly found that Petitioner had failed to meet his burden of producing sufficient evidence for the inference of discrimination required at step one of Batson.

1    Petitioner also claims that because the "[c]onstitution forbids

2  striking even a single juror for a discriminatory purpose[,]"

3  Snyder v. Louisiana, 552 U.S. 472, 478 (2008), the state court's

4  finding that there was no apparent race-neutral challenge to Juror

5  M-5435 was enough for the showing of discrimination required at the

6  first step of Batson.   The Court finds this claim to be without

7  merit.   In order to determine whether a juror was indeed stricken

8  for a discriminatory reason, the Court would have to engage in a

9  comparative juror analysis to determine whether the prosecutor's

10 reasons for striking that juror were indeed race-neutral. Boyd v.

11 Newland, 467 F.3d 1139, 1145 (9th Cir. 2004) ("Comparative juror

12 analysis refers . . . to an examination of a prosecutor's questions

13 to prospective jurors and the jurors' responses, to see whether the

14 prosecutor treated otherwise similar jurors differently because of

15 their membership in a particular group."). Although the California

16 Court of Appeal and Petitioner both speculate about the

17 prosecutor's reasons for striking Juror M-5435, among other jurors,

18 what matters is the prosecutor's real reasons, not just potential

19 reasons. Paulino v. Castro, 371 F.3d 1083, 1090 (9th Cir. 2004);

20 Miller-El v. Dretke, 545 U.S. 231, 252 (2005) ("A Batson challenge

21 does not call for a mere exercise in thinking up any rational

22 basis."). Here, the prosecutor never gave her real reasons for

23 striking the challenged juror but even if those reasons had been

24 provided, the Court would still be unable to conduct a proper

25 comparative juror analysis without knowing the race of the jury

26 members who ultimately sat on the jury. Miller-El, 545 U.S. at 252-

27

28                                    6

53 (finding prosecution's reasons for striking a juror implausible based on a consideration of entire voir dire testimony, including the prosecution's "shuffling of the venire panel" and "the contrasting voir dire posed to black and nonblack panel members"). Accordingly, Petitioner has failed to meet his burden at Step One of the Batson inquiry.   See Purkett v. Elem, 514 U.S. 765, 768 ("the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.")

Petitioner's remaining objections are simply re-assertions of arguments raised in the Petition.   These arguments were addressed in and rejected by the Report and Recommendation and do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

IT IS ORDERED that Judgment be entered denying and dismissing the Petitioner with prejudice.

///

///

///

7

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 4, 2015.

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE